ALD-029                                                    **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 25-2454
_____

UNITED STATES OF AMERICA

v.

DAVID DUPREE, Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1:08-cr-00170-002)
District Judge:  Honorable Yvette Kane

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 6, 2025
Before:  SHWARTZ, FREEMAN, and CHUNG, <u>Circuit Judges</u>

(Opinion filed November 19, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

David Dupree appeals pro se from the District Court's denial of his fourth motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a timely motion for summary affirmance. We will affirm.

In 2009, after a jury trial in the United States District Court for the Middle District of Pennsylvania, Dupree was convicted of armed bank robbery, use of a firearm during a crime of violence, and conspiracy to commit robbery. The District Court sentenced Dupree to an aggregate term of 332 months' incarceration plus three years of supervised release. Dupree has since filed four motions under 18 U.S.C. § 3582(c) for compassionate release, all of which have been denied by the District Court. On the Government's motions, we summarily affirmed the denial of Dupree's first two motions.[1] See United States v. Dupree, 2022 WL 4461375 (3d Cir. Sept. 26, 2022) (not precedential) (per curiam) (affirming the denial of Dupree's second motion and noting our previous ruling).

In Dupree's fourth motion, he raised four bases for relief: (1) the substantial disparity between his sentence and the sentences handed down to his codefendants; (2) Amendment 829 to the United States Sentencing Guidelines, which explains that age may be a relevant factor in determining whether a departure is warranted; (3) the fact that he has already served more than 10 years of an unusually long sentence; and (4) his seizure condition, prediabetic status, and history of contracting COVID-19. Dupree emphasized his extensive rehabilitative efforts during his incarceration, as well as his potential

---

[1] Dupree did not appeal the District Court's denial of his third motion.

eligibility for First Step Act and Second Chance Act Credits.  The District Court denied Dupree's motion, reasoning that he had not established extraordinary and compelling reasons for compassionate release and the sentencing factors under 18 U.S.C. § 3553(a) counseled against granting the motion.  Dupree timely appealed and the Government has moved for summary affirmance.

We have jurisdiction under 28 U.S.C. § 1291.  We review for abuse of discretion a district court's order denying a § 3582(c) motion, including its determination that the sentencing factors under § 3553(a) do not weigh in favor of granting compassionate release.  See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020).  "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."  Id. (cleaned up).  We may summarily affirm a district court's decision if the appeal fails to present a substantial question.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The compassionate-release provision states that a district court may reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable[.]"  Id. § 3582(c)(1)(A).  Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to protect the public from future crimes by the defendant, and the kinds of sentences available.  See id. § 3553(a).  Compassionate release is discretionary, not

mandatory. Therefore, even if a defendant is otherwise eligible, a district court may nonetheless determine that a sentence reduction would be inconsistent with the § 3553(a) factors and deny the defendant relief. See Pawlowski, 967 F.3d at 330–31.

We discern no abuse of discretion in the District Court's conclusion that the § 3553(a) factors weighed against a grant of compassionate release. We first note that on appeal, Dupree argues that the District Court should have ordered the Government to respond to his motion. We disagree. Considering the Government's prior responses to Dupree's three preceding motions there is no indication that a fourth response was necessary to deciding his motion on the merits.

In its review of Dupree's fourth motion, the District Court concluded that it was unable to find that Dupree's original sentence was no longer necessary to meet sentencing objectives or that Dupree no longer poses a danger to the public. The District Court determined, as it has consistently in its review of all four of Dupree's motions, that the § 3553(a) factors counsel against granting Dupree early release. See, e.g., Dist. Ct. Order 1, ECF No. 394 at 4 ("Dupree received a below-guidelines sentence calculated to address the risk he poses to the public as a career offender. This sentence was deemed necessary to protect the public, promote respect for the law, and serve the purposes of deterrence and adequate rehabilitation."). The District Court properly determined that there had been no relevant, intervening change since Dupree's third motion, and denied his fourth motion accordingly.

Dupree's invocation of Amendment 829, which provides, in relevant part, that a downward departure from a recommended sentence may be warranted due to the

4

defendant's youthfulness at the time of the offense or his prior offenses, <u>see</u> U.S.S.G. § 5H1.1, does not require a different conclusion. Weighing all of the § 3553(a) factors, the District Court has continued to reiterate that it believes Dupree's current sentence is warranted. And, as the District Court noted, the Court did depart from the guidelines-recommended sentence of 360 months' incarceration—by 28 months. We therefore do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." <u>Pawlowski</u>, 967 F.3d at 330 (citation omitted).

Because this appeal does not present a substantial question, we grant the Government's motion and will summarily affirm the District Court's judgment.